# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| **KELLIE MICHAEL KING,** | ) | **CASE NO: 15-53334-CRM** |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| **KELLIE MICHAEL KING,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **CONTESTED MATTER** |
| | ) | |
| **MULTIBANK 2009-1 RES-ADC VENTURE, LLC,** | ) ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO AVOID JUDICIAL LIEN
## OF MULTIBANK 2009-1 RES-ADC VENTURE, LLC

**COMES NOW** Kelly Michael King ("Debtor") by and through undersigned counsel, and files this "Motion to Avoid Judicial Lien of Multibank 2009-1 Res-Adc Venture LLC" ("Respondent") pursuant to 11 U.S.C. § 522 (f), and alleges as follows:

1.

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 23, 2015. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2.

Respondent, Multibank 2009-1 Res-Adc Venture LLC, obtained a judgment against Debtor on or about the July 22, 2014 in the Superior Court of Fulton County, Georgia, in the amount of $279,677.04 (Attached as Exhibit A).

3.

Pursuant to 11 U.S.C. § 522 and O.C.G.A. § 44-13-100, Debtor properly claimed as exempt the property shown on the attached Schedule C. The value of each claimed exemption in the property shown on Schedule C is equal to or greater than the market value of that property as reflected on Schedules A and B. Schedules A, B and C are attached hereto as Exhibit B.

4.

The Respondent, JP Morgan Chase Bank, National Assocation, obtained judgment against the Debtor prior to the filing of the instant case. The total amount of the judgment is $279,677.04. This judgment impairs property which would otherwise be exempt under 11 USC 522 et seq.

THEREFORE, the Debtor is entitled to entry of an Order avoiding Respondent's lien against the exempt property as set forth above.

                                      Respectfully Submitted

This the 2nd day of April, 2015        _____/S/_____
                                                  Michael R. Rethinger
                                                  Georgia Bar Number 301215
                                                  Attorney for Debtor

241 Mitchell Street, SW
Atlanta, GA 30303
(770) 922-0066
michael@rethingerlaw.com

# EXHIBIT A

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE
JAN 2 3 2014
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | |
|---|---|
| Multibank 2009-1 Res-Adc Venture, LLC<br>   Plaintiff(s)<br>v.<br><br>Kellie King | *<br>*<br>*   Civil Action No. : 2013CV232135<br>*<br>*<br>*<br>*<br>*<br>* |

### FINAL ORDER AND JUDGMENT

    The Plaintiff brought this action to recover on a promissory note. The Defendant filed an answer in which she stated that she was induced by her cousin to sign documents which were not fully explained. Plaintiff has moved for summary judgment. In support of its motion the Plaintiff submitted the note signed by the Defendant, the instrument transferring the note to Plaintiff and affidavits setting forth the amount owed under the terms of the note and attorney fees incurred. Attached to the affidavit offered by Plaintiff's representative were the underlying business records establishing the sums owed.

    "A creditor in possession of a valid and signed promissory note has a prima facie right to repayment, unless the debtor can establish a valid defense." Griffin v. State Bank of Cochran, 312 Ga. App. 87 (2011). "On summary judgment, after the movant makes a prima facie showing of its entitlement to judgment as a matter of law, the burden then shifts to the respondent to come forward with rebuttal evidence. To do so the respondent must set forth specific facts showing the existence of a genuine issue of disputed fact." Capital City Developers, LLC v. Bank of North Georgia, 316 Ga. App. 624 (2012). "A plaintiff seeking to enforce a promissory note establishes a prima facie case by producing the note and showing that it was executed. Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense." Hanna v. First Citizens Bank & Trust Company, Inc., 323 Ga. App. 321 (2013).

    In the present case the Defendant's answer indicates that she was induced to sign the promissory note by representations made by a relative. She does not contest that she signed the document. She has also stated that the documents she signed were not fully explained. Accepting the Defendant's assertions as true, they are insufficient to establish a valid defense. Under Georgia law "[o]ne who can read must read, or show a legal excuse for not doing so, and that fraud which will relieve a party who can read must be such as to prevent him from reading...." Megel v. Donaldson, 288 Ga. App. 510 (2007). The Defendant was misled by her relative. However, she has pointed to no evidence that she was either forced to sign the note or prevented from reading its contents.

    For the reasons stated above the Court finds that Plaintiff has met its burden of establishing an entitlement to judgment as a matter of law and the Defendant has failed to present evidence of a valid defense. Based upon the evidence presented final judgment is hereby entered in favor of the Plaintiff against the Defendant in the total amount of $279,677.04.

    So **ORDERED** this 22 day of _____, 2014.

                                                       Judge Constance C. Russell
                                                       Fulton County Superior Court
                                                       Atlanta Judicial Circuit

April Reeves Freeman Esq

# EXHIBIT B

In re  **Kellie Michael King**                                    Case No. _____
                **Debtor**                                                                                    **(If known)**

# SCHEDULE A - REAL PROPERTY

   Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

   **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

   If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

   If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Single Family Home at: 664 Clover Street, Atlanta, Georgia** | **Fee Simple subject to security deed** | | 36,158.00 | 179,625.00 |
| | | Total ▶ | 36,158.00 | |

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

| In re | Kellie Michael King | Case No. | 15-53334-CRM |
|---|---|---|---|
| | Debtor | | (If known) |

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See. 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account**<br>**Bank of America** | | **10.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Household goods and furnishings (no item exceeding $300.00 value)** | | **1,500.00** |
| 5. Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Misc. Clothing** | | **1,500.00** |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |

In re  **Kellie Michael King**  ,                                          Case No. **15-53334-CRM**
                      Debtor                                                                  (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | | **2014 Federal Tax Refund** | | 772.00 |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

In re  **Kellie Michael King** ,  Case No. **15-53334-CRM**
Debtor (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Funds garnished from payroll within 90 days of filing case** | | 556.75 |

_____**0**_____ continuation sheets attached    Total   $   **4,338.75**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B6C (Official Form 6C) (04/13)

In re __Kellie Michael King__     Case No. __15-53334-CRM__
　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　(If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)　　　　　　☐ Check if debtor claims a homestead exemption that exceeds $155,675*.
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **Checking Account** | OCGA § 44-13-100(a)(6) | 10.00 | 10.00 |
| **Household goods and furnishings (no item exceeding $300.00 value)** | OCGA § 44-13-100(a)(4) | 1,500.00 | 1,500.00 |
| **Misc. Clothing** | OCGA § 44-13-100(a)(4) | 1,500.00 | 1,500.00 |
| **Funds garnished from payroll within 90 days of filing case** | OCGA § 44-13-100(a)(6) | 556.75 | 556.75 |
| **2014 Federal Tax Refund** | OCGA § 44-13-100(a)(6) | 772.00 | 772.00 |

*Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| **KELLIE MICHAEL KING,** | ) | CASE NO: 15-53334-CRM |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| **KELLIE MICHAEL KING,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **CONTESTED MATTER** |
| | ) | |
| **MULTIBANK 2009-1 RES-ADC** | ) | |
| **VENTURE, LLC,** | ) | |
| | ) | |
| Respondent. | ) | |

:

**NOTICE OF REQUIREMENT OF RESPONSE TO MOTION TO
AVOID LIEN ON EXEMPT PROPERTY AND OF TIME TO FILE SAME**

NOTICE IS HEREBY GIVEN that a motion to avoid lien on exempt property pursuant to 11 U.S.C. § 522 has been filed in the above styled case on April 2, 2015.

NOTICE IS FURTHER GIVEN that, pursuant to Local Rule 6008-2 NDGA, the Respondent must file a response to the motion within 21 days after service, exclusive of the day of service, and serve a copy of same on Debtor's Attorney.  In the event that no response is timely filed and served, then the Bankruptcy Court may enter an order granting the relief sought.

Dated this the 15th day of March, 2011.

_____/S/_____
Michael R. Rethinger
Georgia Bar Number 301215
Attorney for Debtor

72 Spring Street, SW
Atlanta, GA 30303

## Certificate of Service

The undersigned hereby certifies that the below listed parties have been served with a true and correct copy of the attached MOTION TO AVOID JUDICIAL LIEN OF Multibank 2009-1 Res-Adc Venture, LLC and NOTICE OF REQUIREMENT OF RESPONSE TO MOTION TO AVOID LIEN ON EXEMPT PROPERTY AND OF TIME TO FILE SAME by placing copies of same in a properly addressed envelope with adequate postage thereon and depositing same in the United States Mail.

Tamara Miles Ogier
Chapter 7 Trustee
Ogier, Rothschild & Rosenfeld PC
170 Mitchell St. S.W.
Atlanta, GA 30303

U.S. Trustee
Office of the U.S. Trustee
Suite 362
75 Spring Street, SW
Atlanta, GA 30303

Multibank 2009-1 Res-Adc Venture, LLC
c/o Jones & Walker
One Midtown Plaza
Suite 1030
1360 Peachtree Street, NE
Atlanta, GA 30309

This the 3rd day of April, 2015           By:

_____/S/_____
Michael R. Rethinger
Georgia Bar Number 301215
Attorney for Debtor

241 Mitchell Street, SW
Atlanta, GA 30303
(770) 922-0066